UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DEVIN B. STEELE,

        Petitioner,

v.                                        Case No. 05-C-750
                                              (02-CR-144)

UNITED STATES OF AMERICA,

        Respondent.

ORDER GRANTING THE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. # 1).

        On July 15, 2005, the petitioner, who proceeds pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. # 1) and a brief in support of the § 2255 motion (Doc. # 2). The petitioner argued that his defense counsel, Ann T. Bowe, rendered ineffective assistance. (Motion ¶ 12(B).) In support of this position, the petitioner offers that despite his timely request to Attorney Bowe to file the notice, she filed it two days after the deadline. (*Id.*) Because the petitioner raised a cognizable constitutional federal law claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the court ordered the respondent to answer the petition and show cause, if any, why it should not issue the writ. (Order of 08/09/05.)

        The respondent filed a letter on August 24, 2005, recommending that the court grant the petitioner the relief he seeks. (Doc. 4 at 1.) The respondent concedes that Attorney Bowe filed an untimely notice of appeal on April 16, 2004. (*Id.*) However,

because she dated the notice April 14, 2004, the date it was due, the respondent concludes that the April 14 date suggests that the petitioner informed counsel on or before April 14 that he wanted to appeal the judgment of conviction. (*Id.*) Accordingly, the respondent advises that "[i]t would appear that counsel should have filed the notice by the date it was due, even if it required a personal trip to the courthouse which is located within two miles of counsel's office. Failure to do would in all likelihood be deemed ineffective assistance of counsel." (*Id.*)

*United States v. Hirsch*, 207 F.3d 928 (2000), involved a situation analogous to that which is presented here. In *Hirsch*, the clerk failed "to perform a ministerial act whose omission could have serious adverse consequences for a criminal defendant." *Hirsch*, 207 F.3d at 929. Defense counsel failed "to ensure" that the clerk, pursuant to the defendant's request, filed the notice. *Id.* Because of the untimely filing of the notice of appeal, the Untied States Court of Appeals for the Seventh Circuit dismissed Hirsch's appeal. *Id.* at 930. But the Seventh Circuit advised Hirsch that he could file a § 2255 motion contending that defense counsel's "failure to ensure that the clerk followed through deprived" him "of assistance of counsel guaranteed by the sixth amendment." *Id.* As a directive to the district court that would consider Hirsch's § 2255 motion, the Seventh Circuit stated that if the district court finds that the defense counsel "was asleep on the job, then the court must vacate the judgment and reimpose the sentence to permit an appeal." *Id.* at 931.

Here, the petitioner alleges an ineffective assistance of counsel claim because defense counsel, in spite of the petitioner's timely request, filed an untimely

2

notice of appeal.  This error, the petitioner submits, deprived the petitioner of his opportunity to directly attack the judgment of conviction.  The respondent admits that Attorney Bowe's failure to timely file the notice of appeal would likely sustain the petitioner's ineffective assistance of counsel claim.  Consequently, in accordance with the Seventh's Circuit's directive in *Hirsch*, the court will "vacate the judgment and reimpose the sentence to permit an appeal." *Id.*

Now, therefore,

IT IS ORDERED that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. # 1) is granted.

IT IS FURTHER ORDERED that the petitioner judgment of conviction in 02-CR-144 is vacated.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2005.

BY THE COURT

s/ Charles N. Clevert
C. N. CLEVERT, JR.
U. S. District Judge

3